FILED'07 FEB 28 09:16USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEFANIE THOMAS, | CV. 05-463-PK |
| Plaintiff, | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| v. | |
| TRI-COUNTY METROPOLITAN SERVICE DISTRICT OF OREGON, | |
| Defendant. | |

PAPAK, Magistrate Judge:

Plaintiff Stefanie Thomas filed this action against defendant Tri-County Metropolitan Transportation District of Oregon ("TriMet") alleging two claims of sexual harassment under Title VII, 42 U.S.C. 2000e, two claims of violation of Oregon's anti-discrimination statute, O.R.S. 659A.030, and a claim for common law negligence.  On November 22, 2006, the court granted TriMet's Motion for Summary Judgment on one of Thomas's claims of sexual harassment under Title VII, one of Thomas's claims of violation of Oregon's anti-discrimination

Page 1 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

statute, and Thomas's claim for common law negligence. The remaining Title VII claim was tried to a jury, and the remaining Oregon statutory claim was tried to the court. The jury returned a verdict in TriMet's favor on the Title VII claim. This opinion constitutes the Findings of Fact and Conclusions of Law on Thomas's claim for discrimination in violation of O.R.S. 659A.030.

The factual issues relevant to the jury's decision on the Title VII claim and the court's determination of the O.R.S. 659A.030 claim are identical. In such a situation, the Ninth Circuit has stated that the jury's findings are preclusive:

> The Seventh Amendment provides that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." This court has held that "it would be a violation of the seventh amendment right to jury trial for the court to disregard a jury's finding of fact." Floyd v. Laws, 929 F.2d 1390, 1397 (9th Cir.1991). Thus, in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are "based on the same facts," in deciding the equitable claims, "the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations." Miller v. Fairchild Indus., 885 F.2d 498, 507 (9th Cir.1989).

Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1992)

In addition, O.R.S. 659.030 is patterned after Title VII, and both Oregon and federal courts have considered federal Title VII caselaw instructive when construing the state statute. A.L.P. Inc. v. Bureau of Labor and Industries, 161 Or. App. 417, 422 (Or. App. 1999) ("O.R.S. 659.030 is patterned after Title VII and that we therefore consider federal cases 'instructive.'") (citation omitted); Logan v. West Coast Benson Hotel, 981 F. Supp. 1301, 1319 (D. Or.1997) (in analyzing Oregon discrimination claims under Chapter 659, Oregon courts have looked to Title VII cases for guidance because Oregon statutes are "wholly integrated and related" to Title VII);

Page 2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Jaurrieta v. Portland Pub. Schs., No. CV-00-1238-ST, 2001 WL 34041143, at *7 and n. 12 (D. Or. Dec. 14, 2001) (analyzing O.R.S. 659.030 hostile environment claim under Title VII standards and noting that Oregon courts generally consider and adopt federal case law regarding Title VII), adopted by Judge Brown (D. Or. Feb. 7, 2002).

Because the jury's factual findings are preclusive and the legal standards are the same, I therefore conclude that TriMet did not violate O.R.S. 659.030.

## CONCLUSION

I find in favor of defendant on plaintiff's claim under O.R.S. 659.030 for discrimination based on a sexually hostile work environment.

Dated this 28th day of February, 2007.

_____
Honorable Paul Papak
United States Magistrate Judge